Laurence M. Fine and Edward Drobnis, for defendants in error.

Mr. Presiding Justice Gridley delivered the opinion of the court.

### Abstract of the Decision.

1. Judgment, § 196*—*when judgment may be entered against defendants served.* The trial court may enter judgment against two defendants, in action on account stated and for· goods sold and delivered, notwithstanding that a third codefendant was not served with process.

2. Municipal Court of Chicago,—*when question of variance between statement of claim and summons cannot be raised.* Variance between a summons in an action in the Municipal· Court of Chicago, which directs defendants to answer unto "Peter Christofano" and a statement of claim which alleges plaintiffs to be Peter Cristofano and one other for the use of Peter Christofano, cannot be raised after defendants have filed affidavit of merits nor after the finding by motion in arrest of judgment.

---

### Nate H. Ehrlich, Defendant in Error, v. Lakeside Fish & Oyster Company, Plaintiff in Error.

### Gen. No. 21,239.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John J. Rooney, Judge, presiding. Heard in the Branch Appellate Court. at the March term, 1915. Affirmed. Opinion filed February 24, 1916.

### Statement of the Case.

Action by Nate H. Ehrlich, plaintiff, against Lakeside Fish & Oyster Company, defendant, to recover $375.02 for two ·consignments of fish sold and delivered to defendant. From a judgment for plaintiff, defendant seeks writ of error.

At the beginning of the trial the attorney for defendant admitted that defendant had received the fish and that the number of pounds charged for was correct, and stated in substance that the only question in the case was whether plaintiff was the vendor of the fish or plaintiff's parents, M. Ehrlich and Fannie Ehrlich; in other words, whether immediately prior to the sale and delivery plaintiff was the owner thereof or plaintiff's parents. Thereupon the court suggested that this issue had better be determined by a jury, and the trial proceeded before a jury. The jury returned a verdict in favor of plaintiff and assessed his damages at the sum of $375.02, upon which verdict the court entered judgment against the defendant.

HAROLD J. FINDER, for plaintiff in error.

TONE & CHALLENGER, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1236*—*when defendant estopped to assert insufficiency of evidence to sustain verdict.* Where counsel for defendant admits the amount claimed by plaintiff, he cannot be heard in the Appellate Court to contend that the evidence did not warrant a verdict or judgment for such sum.

2. EVIDENCE, § 255*—*when entries in account books kept by purchaser of goods not admissible against seller in action.* In an action to recover on an account for merchandise sold and delivered to defendant, entries in account books kept by the purchaser are not admissible in evidence against the seller.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.